VENABLE LLP
Amit Rana (SBN 291912)
  Arana@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:     415.653.3755

*Attorneys for Plaintiff*
*OLYMPIC MEDIA, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLYMPIC MEDIA, LLC, a Virginia limited liability company,<br><br>            Plaintiff,<br><br>      v.<br><br>ITERABLE, INC., a Delaware corporation,<br><br>            Defendant. | Case No.  20-cv-05616 PJH<br><br>**OLYMPIC MEDIA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO ITERABLE, INC.'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Phyllis J. Hamilton |
| ITERABLE, INC., a Delaware corporation,<br><br>            Counterclaimant,<br><br>      v.<br><br>OLYMPIC MEDIA, LLC, a Virginia limited liability company,<br><br>            Counterdefendant. | |

Plaintiff and Counterdefendant OLYMPIC MEDIA, LLC ("Olympic"), by and through its attorneys, hereby files its Answer and Affirmative Defenses to the Counterclaims filed by Defendant and Counterclaimant ITERABLE, INC. ("Iterable") on September 8, 2020 (the "Counterclaims").  Olympic denies each and every allegation not specifically admitted, qualified, or explained and, in response to each of the numbered allegations of the Counterclaims, states as follows:

## INTRODUCTION

1. Olympic denies the allegations contained in Paragraph 1 of the Counterclaims.

2. Olympic admits that it entered into a contract with Iterable pursuant to which Olympic agreed to pay a monthly fee for services up to a certain level and certain overage fees if Olympic's usage exceeded that level.  Olympic denies the remaining allegations contained in Paragraph 2 of the Counterclaims.

3. Olympic denies the allegations contained in Paragraph 3 of the Counterclaims.

## PARTIES

4. Olympic denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Counterclaims.

5. Olympic admits the allegations contained in Paragraph 5 of the Counterclaims.

6. Olympic admits the allegations contained in Paragraph 6 of the Counterclaims.

## JURISDICTION AND VENUE

7. The allegations contained in Paragraph 7 of the Counterclaims assert legal conclusions to which no response is required.  To the extent a response is necessary, Olympic admits that this action is between citizens of different states and that the amount in controversy exceeds $75,000.

8. The allegations contained in Paragraph 8 of the Counterclaims assert legal conclusions to which no response is required.  To the extent a response is necessary, Olympic admits that the Master Services Agreement between Iterable and Olympic provides that "[a]ll disputes under this Agreement will be brought in the state courts and the federal courts located in San Francisco, California, and the Parties hereby consent to the personal jurisdiction and venue of these courts."

**GENERAL ALLEGATIONS**

9. Olympic admits the allegations contained in Paragraph 9 of the Counterclaims, but denies that the email and text messages were deployed to Olympic's customers.

10. Olympic admits that the Enterprise Sales Order Form executed by Olympic on June 4, 2019 provided for the following services and prices: $96,518.40 for a base subscription to Iterable's platform with up to 1.5 million profiles and 135 million annual email sends, and $33,000.00 for an SMS bundle that included up to 500,000 SMS per month or 6 million per year, for a total of $129,518.40. Olympic further admits that, per the Order Form, the billing frequency was monthly and the payment terms were "net 30."

11. Olympic admits that the Enterprise Sales Order Form executed by Olympic on June 4, 2019 states, in part, that "[o]n-demand usage is calculated at the end of each 30 day cycle from the subscription start date" and that "[a]dditional fees will only be invoiced if the" cumulative email sends, profile count or SMS sends exceed the provided usage cap. Olympic otherwise denies the remaining allegations contained in Paragraph 11 of the Counterclaims.

12. Olympic denies the allegations contained in Paragraph 12 of the Counterclaims, except admits that the Enterprise Sales Order Form states, in part, that "[t]he invoice is subject to change based on usage fees."

13. The allegations contained in Paragraph 13 of the Counterclaims purport to characterize the contents of an agreement. To the extent that the allegations in Paragraph 13 purport to characterize that agreement, Olympic denies the characterization to the extent such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of the cited agreement.

14. Olympic admits the allegations contained in Paragraph 14 of the Counterclaims, but denies that the email and text messages were deployed to Olympic's customers.

15. Olympic admits the allegations contained in Paragraph 15 of the Counterclaims.

16. Olympic admits that the Enterprise Sales Order Form executed by Olympic on December 26, 2019 states, in part, that "[o]n-demand usage is calculated at the end of each 30 day cycle from the subscription start date" and that "[a]dditional fees will only be invoiced if the"

cumulative email sends, profile count or SMS sends exceed the provided usage cap.  Olympic otherwise denies the remaining allegations contained in Paragraph 16 of the Counterclaims.

17. Olympic denies the allegations contained in Paragraph 17 of the Counterclaims, except admits that the Enterprise Sales Order Form states, in part, that "[t]he invoice is subject to change based on usage fees."

18. Olympic denies the allegations contained in Paragraph 18 of the Counterclaims.

19. Olympic denies the allegations contained in Paragraph 19 of the Counterclaims.

20. Olympic denies the allegations contained in Paragraph 20 of the Counterclaims.

21. Olympic denies the allegations contained in Paragraph 21 of the Counterclaims.

22. Olympic admits that, in June 2020, Iterable first informed Olympic that it purportedly owed overage fees, but Olympic denies that it owed such fees because Olympic did not receive an invoice.

23. Olympic admits that, on June 10, 2020, Iterable followed up on the parties' conversation of June 9, 2020 with an option for the early renewal of the parties' contract.  Olympic otherwise denies the remaining allegations contained in Paragraph 23 of the Counterclaims.

24. Olympic admits that, between approximately June 18 and June 22, 2020, Iterable provided Olympic with a moving target of amounts purportedly owed as overage fees, ranging from approximately $120,000 to $275,000, and admitted that such fees were not invoiced to Iterable monthly with its normal billing cycle as a result of an Iterable billing system error.  Olympic further admits that, on June 22, 2020, Iterable's Corporate Controller sent Olympic a "summary invoice of missed billings," totaling $275,468.51, and explained that "a system error [] resulted in a failure to generate overage billings for SMS as well as a portion of [Olympic's] email subscriptions."  Olympic otherwise denies the remaining allegations contained in Paragraph 24 of the Counterclaims.

25. Olympic denies the allegations contained in Paragraph 25 of the Counterclaims.

26. Olympic admits that Iterable terminated Olympic's text services on June 27, 2020.  Olympic otherwise denies the remaining allegations contained in Paragraph 26 of the Counterclaims.

27. Olympic admits that, on June 30, 2020, Iterable offered Olympic four proposals for a new contract, ranging between $4.8 million and $8.7 million per year.  Olympic further admits that

its Chief Executive Officer had previously acknowledged "the substantially increased amount of usage we've seen." Olympic otherwise denies the remaining allegations contained in Paragraph 27 of the Counterclaims.

28. Olympic admits that Iterable did not tell Olympic or otherwise imply to Olympic that it would excuse the purported overage fees Olympic owed to it. Olympic otherwise denies the remaining allegations contained in Paragraph 28 of the Counterclaims.

29. Olympic denies the allegations contained in Paragraph 29 of the Counterclaims.

30. Olympic admits that, on July 21, 2020, Iterable sent Olympic three invoices, for $14,856.00, $275,468.51 and $61,904.73, respectively, totaling $352,229.24. Olympic further admits that Iterable referred to purported "good faith attempts to assist Olympic [] in clearing this outstanding balance." Olympic further admits that Iterable demanded payment in full by 5:00pm PST on July 24, 2020, three days later, in order to avoid a suspension of services as well as ensuing legal action. Olympic further admits that, on July 21, 2020, Iterable provided a proposed Amendment to Enterprise Order with new MMS and SMS pricing. Olympic otherwise denies the remaining allegations contained in Paragraph 30 of the Counterclaims.

31. Olympic denies the allegations contained in Paragraph 31 of the Counterclaims.

32. Olympic admits that Iterable terminated Olympic's email services on July 24, 2020.

33. Olympic denies the allegations contained in Paragraph 33 of the Counterclaims.

## CLAIMS FOR RELIEF

### COUNT I
### (Breach of Contract)

34. Olympic repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 33 of the Counterclaims as though set forth again in full.

35. Olympic admits that, in June 2019, the parties entered into an agreement, through an Enterprise Sales Order Form and the MSA. Olympic denies that Iterable provided all of the services required under the Agreement.

36. Olympic admits the allegations contained in Paragraph 36 of the Counterclaims.

37. Olympic denies the allegations contained in Paragraph 37 of the Counterclaims.

38. Olympic denies the allegations contained in Paragraph 38 of the Counterclaims.

39. Olympic denies the allegations contained in Paragraph 39 of the Counterclaims.

## COUNT II
### (Breach of Contract)

40. Olympic repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 39 of the Counterclaims as though set forth again in full.

41. Olympic admits that, in December 2019, the parties entered into an agreement, through an Enterprise Sales Order Form and the MSA.  Olympic denies that Iterable provided all of the services required under the Agreement.

42. Olympic admits the allegations contained in Paragraph 42 of the Counterclaims.

43. Olympic denies the allegations contained in Paragraph 43 of the Counterclaims.

44. Olympic denies the allegations contained in Paragraph 44 of the Counterclaims.

45. Olympic denies the allegations contained in Paragraph 45 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted against Olympic.

### Second Affirmative Defense

At all relevant times, Olympic performed in accordance with the parties' agreement, and acted reasonably and in good faith with respect to the parties' agreement.

### Third Affirmative Defense

Any harm allegedly suffered by Iterable, if any, was not caused by any act or omission by Olympic.  Any such harm arose out of Iterable's own failure to perform under the agreements at issue and by its own acts and/or omissions that also adversely and materially affected Olympic's interests.

### Fourth Affirmative Defense

The Counterclaims are barred in whole or in part by Iterable's failure to mitigate its damages, if any.

### Fifth Affirmative Defense

The relief sought in the Counterclaims is barred in whole or in part by the parties' agreement to limit liability and/or relief.

### Sixth Affirmative Defense

The Counterclaims are barred in whole or in part by the doctrines of unclean hands, waiver, estoppel, and/or release.

### Seventh Affirmative Defense

Without conceding any liability, Olympic alleges that it is entitled to offset and recoup against any judgment that may be entered against it all obligations of Iterable owing to Olympic.

### Eighth Affirmative Defense

Olympic expressly reserves the right to raise additional affirmative or other defenses that may be established by discovery and the evidence in this case.

Wherefore, Olympic requests that this Court enter a judgment as follows:

1. dismissing the Counterclaims in their entirety with prejudice;
2. awarding Olympic its costs of suit, including reasonable attorney's fees; and
3. other and further relief that this Court deems just and proper

### **DEMAND FOR JURY TRIAL**

Olympic hereby demands trial by jury on all claims asserted in the Counterclaims for which it is available.

Dated:  September 29, 2020                             VENABLE LLP

                                                                                /s/ Amit Rana
                                                       By:      AMIT RANA

                                                       *Attorneys for Plaintiff*
                                                       OLYMPIC MEDIA, LLC